*Margin note: MILLER v. ALLISON.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Curtis, for the use &c. v. Woodman et al.

A creditor for work done in constructing a levée under an adjudication made in pursuance of the law on the subject of roads and levées, though entitled to proceed *in rem* against the land, may recover, in an ordinary action, a judgment for his claim, with a privilege on the land. C. C. 3216.

No notice will be taken on appeal of reservations of all legal exceptions, made in regard to testimony taken out of court.

APPEAL from the District Court of Madison, *Selby*, J. *Amonett*, for the appellant. *A. Pierse*, for the defendants. The judgment of the court was pronounced by

Rost, J. The plaintiff, suing for the use of *Brown* and *Johnson*, claims from the defendants $928,62, for 323 rods of levée by him made in front of their land, at the rate of $2,87 a rod, by virtue of an adjudication made to him under the law concerning roads and levées.

It is in evidence that the levée was made in conformity with the terms of the adjudication, as nearly as the nature of the ground permitted ; that it was accepted by the inspector of the district; and that it is in reality worth more than the price of adjudication. The contract appears to have been recorded in due time, and the plaintiff prays for a privilege upon the land, under art. 3216 of the Civil Code.

*Woodman*, one of the defendants, residing out of the State, the plaintiff caused a curator *ad hoc* to be appointed to represent him. *Downes*, the other defendant, did not answer, and a judgment by default was entered against him. The curator *ad hoc* appointed to *Woodman*, after making divers exceptions, which it is not necessary to notice, answered that *Woodman* could not be sued in this manner, denied all the allegations of the plaintiff's petition, and alleged that, on account of various irregularities and an entire failure to comply with the law in the adjudication, the plaintiff could not recover.

The case was tried before a jury, who gave a verdict in favor of the defendants, and the plaintiff has appealed from the judgment rendered thereon.

The plaintiff might, if he chose, have proceeded *in rem*, but nothing prevented him from resorting to an ordinary suit.

CURTIS
v.
WOODMAN.

The ordinance of the police jury, appointing *Groves* inspector of roads and levées in the district where this land is situated, is in evidence ; he has also been examined as a witness, and has testified, that he was inspector at the time ; that he caused the making of the levée in controversy to be advertised according to law, and that 223 rods of it were adjudicated to the plaintiff at $2,87 per rod ; that the plaintiff complied with his contract, as well as the accidents of the land made it practicable to do : that the levée was accepted by him; and that it is worth more than the price of the adjudication.    This evidence was taken out of court, and the defendants reserved all legal exceptions to its introduction. Such reservations we never notice on the appeal.    It is contended that the plaintiff has not proved that the inspector had been sworn.    Under the evidence that was suffered to go to the jury, it was not necessary to make that proof; moreover, after the verdict was rendered, the oath was found; it is annexed to the affidavit filed in support of the motion for a new trial, and appears to have been taken before one of the defendants, acting at the time as parish judge.

The plaintiff has transferred his claim to the men who executed the work, and law and good conscience alike forbid the defendants to enrich themselves by frustrating the rights of those laborers.

The plaintiff is entitled to a judgment, with interest from judicial demand, and to a privilege upon the land.

The judgment is therefore reversed, and it is ordered that the plaintiff, for the use of *Brown* and *Johnson*, recover of the defendants $928 62, with legal interest from 21st April, 1846, till paid, and a privilege on the land.